### Rodney D. McCORKILL, Plaintiff,

v.

### UNITED STATES of America, Defendant.

### No. 3:97–CV–2239 (WWE).

United States District Court,
D. Connecticut.

Jan. 21, 1999.

Rodney D. McCorkill, Enfield, CT, pro se.

John H. Durham, Lauren M. Nash, U.S. Attorney's Office, New Haven, CT, Philip J. Berkowitz, U.S. Department of Justice, Washington, DC, for Defendant.

### RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

### INTRODUCTION

Plaintiff Rodney D. McCorkill has moved for summary judgment against the United States, alleging that a Social Security and Medicare ("FICA") deduction in the amount of $3,339.67 was wrongfully withheld from a lump-sum severance pay he received when he was terminated from his employment. The United States has cross-moved for summary judgment, contending that correctness of the FICA deduction falls within Treasury Rules, Regulations and the case law of the Supreme Court.

### LEGAL ANALYSIS

The sole issue in this case is whether the severance payment that plaintiff received from his employer at the time of his layoff, upon signing a standard severance agreement, is subject to employment taxes. Plaintiff claims that his severance pay was not for "service" rendered to his employer within the meaning of the Internal Revenue Code and he is, accordingly, due a refund.

Section 3121(a) of the Internal Revenue Code defines "wages" broadly for purposes of FICA taxes: wages are "all remuneration of employment." "Employment" is also broadly defined, in Section 3121(b) as "any

service, of whatever nature, performed (A) by an employee for the person employing him...." The severance at issue was indeed based on a percentage of plaintiff's pre-layoff salary and his length of time of employment.

Prior to 1950, FICA was not deducted from severance pay. However, that exclusion was eliminated in the Social Security Amendments of 1950. "[A] dismissal payment (any payment made by an employer on account of involuntary separation of the employee from the service of the employer) will constitute wages...." H.R.Rep. No. 81–1300 at 124; S.Rep No. 81–1669. It is clear that FICA withholding pertains to all wages.

Based on the legislative history described above, as well as upon Treasury Regulations interpreting same, the Internal Revenue Service has consistently maintained that severance or dismissal payments are subject to FICA as being for services rendered.

The Supreme Court, likewise, supports the Government's position herein:

> The very words "any service ... performed ... for his employer," with the purpose of the Social Security Act in mind, import breadth of coverage. They admonish us against holding that "service" can be only productive activity. We think that "service" as used by Congress in this definitive phrase means not only work actually done but the entire employer-employee relationship for which compensation is paid to the employee by the employer.

*Social Security Board v. Nierotko*, 327 U.S. 358, 365–66, 66 S.Ct. 637, 90 L.Ed. 718 (1946).

The severance agreement at issue in the present case specifically states that the severance payment was primarily provided "to recognize the value of your past contributions and to cushion any financial loss which might result from your job elimination." Since this demonstrates that plaintiff's severance payment arose from and is based on his employment relationship, *i.e.*, from service performed by him as an employee prior to his involuntary separation, such wages were subject to FICA withholding. No refund is warranted.

## CONCLUSION

For the reasons set forth herein, the Cross–Motion for Summary Judgment of the United States [Doc. No. 10] is GRANTED. The Clerk is directed to close this case.

SO ORDERED